In the Matter of the Claim of NELLIE GORTON, Respondent, against MAX BRENDERS FARM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. Appellants do not attack the finding that in 1953 claimant, while employed as a domestic, sustained back injuries and an aggravation of a pre-existing back condition, as the results of a fall. Appellants do deny causal relation as respects the partial disability from March 15, 1956 for which an award has been made on the basis of reduced earnings. There was substantial evidence of disability related to the original accident, which the board was entitled to accept. It may be that another trier of the facts would have differently evaluated the medical evidence of causality or, as respected one physician's testimony, have found greater significance in certain statements made upon cross-examination, but the weight of the evidence was, of course, for the board and we cannot say, upon the entire record, that the evidence which it chose to accept was without substance. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

In the Matter of the Claim of SOPHIE PAUSON, Respondent, against MANGER VANDERBILT HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. The board has found, upon substantial evidence, that decedent, a wine steward employed by a hotel, while lifting and transporting heavy cases of liquor and soda from stacks in various places in the wine cellar, experienced pains and other symptoms of cardiac distress and that these work activities caused an unusual strain on his heart, already weakened by a pre-existing disease, resulting in an acute myocardial infarction and death four days later. The evidence warrants the conclusion that although the work on that day may have been no more arduous than usual, it was " sufficiently strenuous to require more than normal exertion " (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323, 326) and the findings seem to us sufficient to express that conclusion. Appellants stress the observation of claimant's medical expert that "this was not the day for him to be doing this work at all " but this does not negate accidental causation. In a recent case an award was sustained upon facts similar to those disclosed by this record and there, too, it was said that, in view of decedent's pre-existing heart condition, he should not have been doing the type of work that he was performing at the time of his attack. (*Matter of Kelpin* v. *Watts & Sons*, 5 A D 2d 722, motion for leave to appeal denied 4 N Y 2d 675.) The award is sustainable on the additional ground that decedent's " continuance of work involving physical exertion after he suffered an attack in the course of employment is a sufficient identification of the event in time and circumstance, to constitute an accident where it is followed soon after by a serious coronary condition and both are associated by medical opinion." (*Matter of Carlin* v. *Colgate Aircraft Corp.*, 276 App. Div. 881, affd. 301 N. Y. 754; *Matter of Cuvelier* v. *Fairbanks & Walvoord*, 6 A D 2d 920, and cases there cited.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.